IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RICKY VUONG,** | * |
| Plaintiff, | * |
| v. | * Civil No. SAG-25-3418 |
| **CBAC BORROWER, LLC,** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Ricky Vuong ("Plaintiff"), who is self-represented, filed this lawsuit in state court against Defendant CBAC Borrower, LLC ("Defendant"), seeking to recover damages he suffered as a result of an identity theft. ECF 1. Defendant removed the case to this Court. *Id*. Defendant has now filed a motion to dismiss Plaintiff's Second Amended Complaint ("SAC"), ECF 9, for failure to state a claim, ECF 6. Plaintiff filed an opposition, ECF 12, Defendant filed a reply, ECF 14, and Plaintiff filed a motion seeking leave to file a sur-reply, ECF 16, which will be granted as unopposed. This Court has reviewed all of the briefing and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Defendant's motion to dismiss will be GRANTED and Plaintiff's Complaint will be dismissed without prejudice.

I.    **FACTUAL BACKGROUND**

The following facts are derived from Plaintiff's SAC, liberally construed by this Court. ECF 9. Defendant operates Horseshoe Casino Baltimore ("Horseshoe"). *Id.* ¶ 4. In 2024, Plaintiff resided in Texas. *Id.* ¶¶ 5, 6. That year, however, multiple jackpot payouts were paid in his name at Horseshoe, without his knowledge or authorization. *Id.* ¶ 5. Plaintiff alleges that, "Defendant failed to take reasonable steps to verify the identity of the person or persons claiming those jackpots

using Plaintiff's name." *Id.* ¶ 7. He also later asserts, without further factual explanation, that Defendant "fail[ed] to verify identification" of the persons collecting the jackpots. *Id.* ¶ 14.

Plaintiff contacted Defendant in May 2025 to report and try to resolve the issue. *Id.* ¶¶ 8–10. Plaintiff alleges that he has suffered "severe emotional distress, familial conflict, and reputational harm" as a result. *Id.* ¶ 11.

## II.     LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; see *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). A plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance

2

dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.  ANALYSIS

Plaintiff's SAC asserts two causes of action, a negligence claim in Count One and a claim for "negligent infliction of emotional distress" in Count Two. ECF 9. Plaintiff now concedes that there is no independent tort of "negligent infliction of emotional distress" in Maryland and that Count Two should be dismissed. ECF 12 at 5. Plaintiff clarifies that he still claims emotional distress damages as part of his remaining negligence claim.

The question, then, is whether his SAC plausibly pleads a claim for negligence. One of the elements of negligence is the existence of a duty owed by the defendant to the plaintiff. *See Bobo v. State,* 697 A.2d 1371, 1375–76 (Md. 1997). Plaintiff alleges that Defendant "owed a duty of care to Plaintiff to protect his identity and properly verify recipients of jackpots." ECF 9 ¶ 13.

Plaintiff has not alleged, however, that Defendant itself stole Plaintiff's identity or somehow revealed Plaintiff's identity to the individuals who used Plaintiff's name to collect their jackpots. Instead, Plaintiff appears to assert a more generalized duty on the part of the casino to protect persons from actions of third parties. *See* ECF 12 at 4 ("By undertaking identity collection and verification tasks, Defendant assumed a duty to exercise reasonable care in performing them."); ECF 16-1 at 2 ("Having chosen to identify claimants and issue tax forms tied to personal identifiers, CBAC assumed a duty to perform those tasks competently and to avoid foreseeable harm from misidentification."). Maryland law generally imposes no such duty to protect others from harm or misconduct by a third person, absent a special relationship. *See Scott v. Watson*, 359 A.2d 548, 552 (Md. 1976) ("[A] private person is under no special duty to protect another from criminal acts by a third person.") (citing *Restatement (Second) of Torts* § 315 (A.L.I. 1965)).[1]

Moreover, Maryland's economic loss doctrine "bars recovery when the parties are not in privity with one another or the alleged negligent conduct did not result in physical injury or risk of severe physical injury or death." *Balfour Beatty Infrastructure, Inc. v. Rummel Klepper & Kahl,*

---

[1] Maryland courts have recognized some exceptions to this "no duty" rule: (1) if the defendant has control over the conduct of the third party, *see Warr v. JMGM Grp., LLC*, 70 A.3d 347, 358 (Md. 2013); (2) if there is a special relationship between the defendant and the third party or between the defendant and the plaintiff, *see Barclay v. Briscoe*, 47 A.3d 560, 578–79 (Md. 2012); or (3) if there is a statute or ordinance that is designed to protect a specific class of people, of which the plaintiff is a member, *see Kiriakos v. Phillips*, 139 A.3d 1006, 1033–34 (Md. 2016). Plaintiff has not alleged that Defendant had any control over the "impostors" he alleges fraudulently used his identity, ECF 9 ¶¶ 7–8, ECF 16-1 at 3, nor that Defendant owed him a particular duty pursuant to statute. In his motions briefing, ECF 12 at 4, ECF 16-1 at 2–3, Plaintiff does raise certain regulatory and statutory provisions he asserts pertain to his claim; however, he also concedes that the "statute or ordinance" exception applies to a "violation of a statute or regulation designed to protect *a specific class of persons*," without articulating a class to which the protections of those provisions are aimed and of which he is a member. ECF 16-1 at 2 (emphasis added). Regardless, and as mentioned, *infra*, Plaintiff may not amend his SAC through motions briefing. Finally, by the same reasoning articulated in this Court's discussion of the economic loss doctrine, *infra*, Plaintiff's SAC also fails to allege sufficient facts for the "special relationship" exception to apply.

*LLP*, 155 A.3d 445, 452 (Md. 2017). "Where the failure to exercise due care creates a risk of economic loss only, courts have generally required an intimate nexus between the parties as a condition to the imposition of tort liability. This intimate nexus is satisfied by contractual privity or its equivalent." *Jacques v. First Nat'l Bank of Md.*, 515 A.2d 756, 759–60 (1986).

Plaintiff's SAC alleges "damages," ECF 9 ¶ 15, without alleging any contractual privity or other special relationship or intimate nexus between him and Defendant. In his briefing, however, Plaintiff asserts that for "over eight years" he was "a Top Tier VIP patron of Horseshoe Casino Baltimore." ECF 12 at 1. His briefing suggests that, as a result of that prior status, Defendant maintained Plaintiff's personal identifying information ("PII"). *Id.* Plaintiff cannot, however, amend his SAC to add those facts through motions briefing. *See Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (explaining that plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint."), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). And even if he could, he has not explained how his former status as a Top Tier VIP patron created contractual privity or an enduring duty to protect him from identity theft committed by a third person. Plaintiff cites cases discussing a duty to safeguard PII in one's possession. *See* ECF 16-1 at 1–2 (citing *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099 (Md. 1999)). But, even in his motions briefing, Plaintiff does not assert any facts linking Defendant's possession or maintenance of Plaintiff's PII to the identity theft. His former Top Tier VIP status appears entirely disassociated from the events described in the SAC, at least as alleged to date.

## IV.   CONCLUSION

Because Plaintiff has not stated any claim plausibly entitling him to relief, Defendant's Motion to Dismiss, ECF 6, is granted and Plaintiff's claims are dismissed without prejudice.

Administratively, this case will be closed, subject to reopening should Plaintiff file a motion seeking leave to amend his Complaint within thirty days of this opinion. A separate Order follows.

Dated: December 22, 2025                     /s/
                                     Stephanie A. Gallagher
                                     United States District Judge