IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| RICKY VUONG, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. SAG-25-3418 |
| | * | |
| CBAC BORROWER, LLC, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

Plaintiff Ricky Vuong ("Plaintiff"), who is self-represented, filed this lawsuit in state court against Defendant CBAC Borrower, LLC ("Defendant"), seeking to recover damages he suffered as a result of an identity theft. ECF 1. Defendant removed the case to this Court. *Id*. After this Court dismissed Plaintiff's Second Amended Complaint ("SAC"), ECF 9, for failure to state a claim, ECF 17, ECF 18, Plaintiff has now filed a motion seeking leave to file a Third Amended Complaint ("Proposed TAC"). ECF 19, ECF 19-1. Defendant filed an opposition, ECF 20, and no reply has been filed. This Court has reviewed all of the briefing and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Plaintiff's motion will be denied.

**I. FACTUAL BACKGROUND**

The following facts are derived from Plaintiff's Proposed TAC, liberally construed by the Court. ECF 19-1. Defendant operates Horseshoe Casino Baltimore ("Horseshoe"), a "licensed Maryland casino that regularly issues high-value slot and table-game jackpot payouts." *Id*. ¶¶ 7, 8. To make a payout, Defendant requires jackpot claimants to present government-issued photo

identification and other personal identifying information ("PII"), used to generate and submit IRS forms and tax documentation reflecting the gambling winnings. *Id.* ¶¶ 9, 10.

Plaintiff engaged in repeated transactions as a patron of the Horseshoe, during which Defendant collected his PII in order to make lawful payouts. *Id.* ¶ 14. Plaintiff's name and Social Security Number were therefore recorded in Defendant's "patron management and tax-reporting systems." *Id.* ¶ 15.

In 2024, Plaintiff resided in Texas and was not present in Maryland. *Id.* ¶ 17. That year, however, multiple jackpot payouts were paid in his name and Social Security Number at the Horseshoe, without his knowledge or authorization. *Id.* ¶¶ 17, 18. Plaintiff did not receive any proceeds and did not complete any documentation relating to the jackpots. *Id.* ¶¶ 18, 19. Defendant, however, approved the jackpot claims through its internal processes and generated casino and tax records falsely identifying Plaintiff as the recipient of the jackpots. *Id.* ¶¶ 20, 21.

Plaintiff contacted Defendant in May 2025 to report and try to resolve the issue. *Id.* ¶ 24. Defendant took no steps to rectify the false records or to mitigate harm to Plaintiff. *Id.* ¶ 25.

## II.   LEGAL STANDARDS

A party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. "Unless a proposed amendment

may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alterations in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

It lies within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See, e.g.*, *Wilson*, 525 F.3d at 376–80 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim – and what really is a breach of contract suit – into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916–17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civ. No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997) (Luttig, J., concurring in judgment); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a self-represented plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd. of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III.   ANALYSIS

Plaintiff's Proposed TAC asserts only a single claim for negligence. And it contains myriad assertions regarding legal principles that were absent in the SAC. However, it offers no additional facts to suggest a duty is owed in the circumstances alleged.

As this Court reasoned in dismissing the SAC for failure to state a claim, one of the elements of negligence is the existence of a duty owed by the defendant to the plaintiff. *See Bobo v. State*, 346 Md. 706, 716 (1997). Plaintiff alleges that Defendant "owed Plaintiff a duty of reasonable care arising from its voluntary and exclusive undertaking of jackpot identity-verification and tax-reporting functions." ECF 19-1 ¶ 27. And in this proposed iteration of the complaint, Plaintiff notes that Defendant had collected his PII in the past in connection with

jackpot payouts actually made to him. *See, e.g.*, *id.* ¶ 16. But, once again, Plaintiff has not alleged any facts suggesting that Defendant itself stole Plaintiff's identity or somehow revealed Plaintiff's identity to the individuals who used Plaintiff's name to collect their jackpots.

Instead, once again, Plaintiff appears to assert in the TAC a generalized duty on the part of the casino to protect persons from actions of third parties. *See, e.g.*, ECF 19-1 ¶ 27 ("Defendant owed Plaintiff a duty of reasonable care arising from its voluntary and exclusive undertaking of jackpot identity-verification and tax-reporting functions."). Maryland law imposes no such unconstrained duty to protect others from harm or misconduct by a third person, absent a special relationship. *See Scott v. Watson*, 278 Md. 160, 166 (1976) ("[A] private person is under no special duty to protect another from criminal acts by a third person . . . .") (citing *Restatement (Second) of Torts* § 315 (A.L.I. 1965)). "Where the failure to exercise due care creates a risk of economic loss only, courts have generally required an intimate nexus between the parties as a condition to the imposition of tort liability." *Jacques v. First Nat'l Bank of Md.*, 307 Md. 527, 534 (1986). "This intimate nexus is satisfied by contractual privity or its equivalent." *Id.* at 534–35.

In the TAC, Plaintiff alleges that the previous jackpot payments "created a direct, specific, and non-attenuated relationship between Plaintiff and Defendant sufficient to constitute an intimate nexus equivalent to privity." *Id.* ¶ 16. But that assertion, while new in the proposed TAC, adds no new facts. It is simply a legal conclusion, and one that is incorrect. Without any facts suggesting that Defendant negligently retained Plaintiff's PII in some manner leading to the fraudulent conduct, the prior jackpots paid to Plaintiff are simply irrelevant to the events in 2024. The prior jackpots paid to Plaintiff do not constitute an ongoing contractual relationship or some other special relationship. Plaintiff simply happens to be a prior patron of the casino where a third

party committed fraud leading to economic loss. On those facts, the law does not permit recovery in negligence against the casino.

Finally, the lack of an intimate nexus or duty owed also prevents Plaintiff from asserting a viable negligence claim with respect to Defendant's alleged lack of effort to correct the tax filings after the third-party fraud occurred.

Because the Proposed TAC does not correct the deficiencies in the SAC, the amendment would be futile. Accordingly, Plaintiff's Motion for Leave to Amend, ECF 19, is denied. A separate Order follows.

Dated: March 18, 2026                                    _____/s/_____
                                                        Stephanie A. Gallagher
                                                        United States District Judge